

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 4, 1969

Honorable Charles R. Barden
Executive Secretary
Texas Air Control Board
1100 West 49th Street
Austin, Texas 78756

Opinion No. M-462

Re: Status of ex-officio
members of Texas Air
Control Board under
Sec. 2.02 of Chapter
273, S.B. 48, page 817
Acts of the 61st Leg.,
R.S., effective September 1, 1969; Art. 4477-5,
V.C.S.

Dear Mr. Barden:

Your request for an opinion as to whether ex-officio members of the Texas Air Control Board can sit and vote as members of the Board after September 1, 1969, has been received.

It is our opinion that the offices of the three ex-officio members of the Texas Air Control Board who have previously served under the Clean Air Act of Texas, 1967 (Chapter 727, S.B. 237, page 1941, Acts of the 60th Leg. Regular Session, 1967) were abolished by the amendatory revision which became effective September 1, 1969. This new law abolishes the old Texas Air Control Board and creates an entirely new Board, six members of which are appointed by name with a designation by the Texas Legislature of the new term for each such member. One of these members, whose term is described in the new revisionary act, resigned (D. O. Tomlin) and his office is now vacant. The offices previously held by the three ex-officio board members are now to be filled by the Governor pursuant to provisions of the amendatory act.

These ex-officio members were described in Section 3 of the 1967 law which is now repealed as follows:

"(D)  In addition to the six members
appointed by the Governor as

- 2288 -

provided herein, the board shall also consist of the following state officers each of whom shall be an ex-officio member of said board during the time that he is serving in such other official capacity, to wit: the State Commissioner of Health, the Executive Director of the Texas Industrial Commission, and the Executive Director of the Texas Animal Health Commission, each of whom shall perform the duties required of a member of the board by this Act, as additional duties of his other office."

The pertinent parts of Section 1 of Article 4477-5, Vernon's Civil Statutes, (Chapter 273 (S.B. 48), page 817, Acts of the 61st Legislature, Regular Session) effective September 1, 1969, relating to the new Texas Air Control Board, read as follows:

"Sec. 2.02. The board is composed of nine members, chosen as follows:

. . . .

"Sec. 2. The six members of the Texas Air Control Board appointed or continued in office under the provisions of Section 3(A) of Chapter 727, Acts of the 60th Legislature, Regular Session, 1967 (Article 4477-5, Vernon's Texas Civil Statutes), and who are in office when this Act goes into effect, shall continue in office as six of the nine members of the Texas Air Control Board, as follows: Herbert C. McKee and Wendell H. Hamrick, the presently serving members appointed to a

six-year term in July, 1968,
shall serve for a period ending
September 1, 1973; Clinton H.
Howard and Henry J. LeBlanc, Sr.,
the presently serving members
appointed to a six-year term in
February, 1966, shall serve for
a period ending September 1,
1971; Herbert W. Whitney, the
presently serving member, ap-
pointed to a four-year term in
February, 1966, shall serve
until September 1, 1969; and the
person appointed to fill the
vacancy in the position previous-
ly held by D. O. Tomlin, who was
appointed in January, 1968, to
serve the balance of a four-year
term which began in August, 1965,
shall serve until September 1,
1969.  A person appointed as a
member following the expiration
of the term of office of a
member named in the proceding
sentence shall serve during a
six-year term as provided in
Section 2.03 of this Act.  The other
governor shall also appoint the
three members of the board, as
provided in Section 2.02 of this
Act.  The terms of these three
members shall begin on September
1, 1969, and one shall be ap-
pointed for a two-year term, one
for a four-year term, and one for
a six-year term.  A person appoint-
ed as a member following the ex-
piration of the term of office of
each of these three members shall
serve during a six-year term as
provided in Section 2.03 of this
Act."  (emphasis added).

The three ex-officio members of the Texas Air Control Board (created by the 1967 law) were officers of the State because they had tenure, duration and duties which involved exercise of some portion of the sovereign power of the State of Texas in regard to prevention and abatement of air pollution. Dunbar v. Brazoria County, 224 S.W.2d 738 (Tex.Civ.App., 1949, error refused); Knox v. Johnson, 141 S.W.2d 698 (Tex. Civ.App., 1940, error refused); 47 Tex.Jur.2d 12, Public Officers, Sec. 2.

There is nothing in the 1969 language of the Texas Clean Air Act which saves or preserves the ex-officio offices of the Texas Air Control Board. These offices are abolished and those new offices created by Sec. 2.02, which the Legislature did not appoint by name, must be filled by the Governor of Texas. The former members, sitting in the capacity of ex-officio members, are not now eligible to sit or to vote; for since the earliest times in Texas, when the office ceases to exist, the right necessarily ceases with it. Anson Jones v. Shaw & Swisher, 15 Texas 577 (1855). This rule is well stated in 47 Tex.Jur.2d, 80, Public Officers, Sec. 55, which reads as follows:

> "Where an office is abolished all the rights appertaining to it necessarily cease. The incumbent is ousted though the term for which he was elected or appointed has not expired. He ceases to be an officer and can have no successor; and the constitutional provision requiring officers to continue to perform the duties of their offices until their successors shall qualify does not apply to him where the duties of the abolished office are devolved on some other office .... the only duty then remaining for him to perform is to turn over all official books, papers and property in his possession..."

The offices of ex-officio members have been abolished under the amended statute, which operates to take the place of the prior section providing for ex-officio members. 53 Tex.Jr.2d 136, Statutes, Sec. 90;

82 C.J.S. 411, Statutes, Sec. 243; Attorney General Opn. C-454 (1965).

It is not intended by this opinion to preclude the possibility of appointment by the Governor of the individuals who previously occupied the offices as ex-officio members, providing, of course, that they are eligible and qualified to hold one of the new offices created by the statute, subject to the provisions of Article 6252-9a, Vernon's Civil Statutes.

## SUMMARY

The office of ex-officio member of the old Texas Air Control Board has been abolished by the Texas Clean Air Act, which became effective September 1, 1969. Ex-officio members whose offices are now abolished cannot sit or vote as such holdover board members.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman
Houghton Brownlee, Jr.
John Grace
Scott Garrison
Sarah E. Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant